## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.  1:15 CV 1036** |
| | ) | |
| **PLAINTIFF,** | ) | **JUDGE CHRISTOPHER BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | **CLAIMANT DOMINIC SCHENDER'S** |
| **$16,765.00 IN U.S. CURRENCY, ET AL.** | ) | **MOTION TO DISMISS DEFENDANTS** |
| | ) | **$1,324,640.90 AND $27,026.84** |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |
| | ) | |

Now comes Claimant Dominic Schender, on behalf of Defendant $1,324,640.90 LPL

Financial Brokerage Acct. and Defendant $27,026.84 LPL Financial Brokerage Acct., by and

through counsel, and hereby moves this Honorable Court for an Order granting a dismissal of the

Complaint against these Defendants based upon the lack of subject matter jurisdiction.

### FACTUAL BACKGROUND

The Complaint in Forfeiture was filed on May 22, 2015. The complaint states that the

Defendant accounts were seized by officers on August 29, 2014, January 21, 2015 and February

3, 2015. (¶3). Twenty (20) of the Defendants named in the Complaint are owned by the following

parties and /or persons: Dominic Schender, Discounted Telecommunication Services Inc.,

("DTS"), DAS Funding Group, Inc. and DAS Motor, LLC, (hereinafter referred to as "Schender

Claimants").  The Schender Claimants own the following:

> $16,765.00 in US Currency
> 2011 Ford F 150 Truck VIN: 1FTFW1EF2BFA12761
> 2011 Ford F 350 Truck VIN: 1FT8W3BT8BEB916918
> $26,989.51 First Merit Checking Acct.
> $89,257.31 Wells Fargo Checking Acct.

$2,801.30 Wells Fargo Bank, Savings Acct.
$7,333.28 TD Ameritrade Clearing, Brokerage Acct.
$106,017.74 Bank of America Checking Acct.
$483,018.41 LPL Financial, PTC Custodian Roth IRA Acct.
$6,442.98 LPL Financial, PTC Custodian Roth IRA Acct.
$81,253.76 Jackson National Life Insurance Company, Variable Annuity Acct.
Assorted Jewelry Valued At $61,500.00
$6,500.20 MFS Investment Management, Heritage Trust COTTEE, IRA Acct.
$5,583.30 MFS Investment Management, Heritage Trust COTTEE, IRA Acct.
$5,276.85 MFS Investment Management, Heritage Trust COTTEE, IRA Acct.
$5,924.42 MFS Investment Management, Heritage Trust COTTEE, IRA Acct.
Assorted Silver, Gold, Diamonds and Pearls Valued at $29,727.66
$33,827.00 in U.S. Currency
*$1,324,640.90 LPL Financial Brokerage Acct.*
*$27,026.84 LPL Financial Brokerage Acct.*

The government chose to proceed with an Administrative Forfeiture pursuant to 18 U.S.C. § 983 and sent written notices to the Schender Claimants for *only 18* Defendants. The government wrongfully seized Defendant $1,324,640.90 LPL Financial Brokerage Acct. and Defendant $27,026.84 LPL Financial Brokerage Acct. and failed to send notice of the administrative forfeiture.  Therefore, Dominic Schender requests an Order granting a dismissal of the Complaint based upon the lack of subject matter jurisdiction.

<u>**LAW AND ARGUMENT**</u>

Once the government decides to seize an asset, it must decide between several procedures at its disposal to carry out the forfeiture. There are two broad categories of forfeiture: administrative and judicial. Administrative forfeitures proceed without any involvement of the courts. Judicial forfeitures encompass two categories: civil and criminal forfeitures. These forms of forfeiture all have different procedural requirements and different benefits and drawbacks for the government. Concern over cavalier treatment of property rights in forfeiture cases, by the

Department of Justice spurred Congress to take up the issue leading to the passage of CAFRA in 2000. CAFRA, which adjusted burdens of proof and bolstered the rights of property owners, including innocent owners, in federal civil forfeitures was the first significant reform of civil forfeiture procedure. Congress decided that under the framework that applies to most federal forfeitures, the government *must* notify an interested party *within 60 days* after seizure. By that date, the federal law enforcement agency must either: (1) commence the administrative forfeiture process by sending notice to potential claimants; (2) initiate a civil or criminal forfeiture proceeding by filing a complaint or obtaining an indictment; or (3) return the property. 18 U.S.C. 983(a)(1)(A) and (F). 19 U.S.C. § 1607(a) requires that notice of administrative forfeiture be sent "to each party who appears to have an interest in the seized article."  Generally, that includes the person from whom the property was seized (who has at least a possessory interest in the property), any person who has made his or her interest in the property known to the government, the titled owner of the property, a lienholder, and any other person known to the government to have an interest.

18 U.S.C. § 983(a)(1)(A)(i) provides that "in any non-judicial civil forfeiture proceeding under a civil forfeiture statute, w ith respect to which the Government is required to send written notice to interested parties, such notice *shall* be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure." Section 983(a)(1)(F) provides that, in instances where the government fails to comply with the 60-day notice requirement for administrative forfeitures, it shall be required to "return the property ... without prejudice to the right of the Government to commence a forfeiture proceeding at a later time."

In <u>United States v. Assorted Jewelry with an Approximate Value of $219,860.00,</u> 386 F.

Supp. 2d 9 (2005) the claimant moved to dismiss the in rem complaint based upon an identical procedural violation. The District Court held that notice was  untimely  where the  government  served  notice  of administrative forfeiture 63 days after a safe had been taken from claimant's possession.

Section 983(a)(1)(F) sets forth the consequences for the government for failing to provide the required notice within the specified time period, if no extension of time is obtained. The first sentence of paragraph (1)(F) reads as follows: "If the government does not send notice of a seizure of property in accordance with subparagraph (A) *to the person from whom the property was seized*, and no extension of time is granted, the government shall return the property *to that person* without prejudice to the right of the government to commence a forfeiture proceeding at a later time."

Pursuant to Federal Rule of Civil Procedure 12(b)(2) the court lacks subject matter jurisdiction over these assets as a result the violation of 18 USC 983. The government seized the *$1,324,640.90 LPL Financial Brokerage Acct. and the $27,026.84 LPL Financial Brokerage Acct.* accounts in January 2015. The government's failure to send notice within 60 days and to comply with the strict mandate of 18 U.S.C. 983 requires the court to dismiss the complaint against these two defendants for  lack  of  jurisdiction  over  the  defendant a c c o u n t s .

Respectfully submitted,

/s/ Craig T. Weintraub
CRAIG T. WEINTRAUB, ESQ. (#0040095)
55 Public Square
Suite 1600
Cleveland, Ohio  44113
(216) 896-9090
(216) 456-2310 facsimile
cweintraub@hotmail.com

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically and notice will be sent to all parties

electronically by operation of the court's electronic filing system.


/s/Craig T. Weintraub
CRAIG T. WEINTRAUB