IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:15 CV 1036 |
| | ) | |
| PLAINTIFF, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| v. | ) | |
| | ) | **CLAIMANT ROBERTA ELDRIDGE'S** |
| $16,765.00 IN U.S. CURRENCY, ET AL. | ) | **MOTION TO DISMISS DEFENDANTS** |
| | ) | **$33,847.00 US CURRENCY AND** |
| | ) | **DEFENDANT JEWELRY** |
| DEFENDANT. | ) | |
| | ) | |
| | ) | |

Now comes Claimant Roberta Eldridge, by and through counsel, and hereby moves this Honorable court for an Order granting a dismissal of the Complaint against Defendants $33,847.00 US Currency and the following Defendant jewelry:

1 18 KT White Gold Diamond Ladies Ring
1 Breitling A 77380 Stainless Steel Colt Oceane Chronometre Ladies Watch w/ MOP Pink Dial
1 Chanel H2572 White Ceramic and Steel Diamond Ladies Watch
1 Chanel H0949 Black Ceramic and Steel Diamond Ladies Watch.

**FACTUAL BACKGROUND**

The DEA Notice of Seizures directed to Ms. Eldridge initiated the forfeiture proceedings. She timely served a claim for the seized assets which prompted this civil in rem complaint.

1

## LAW AND ARGUMENT

**The government has failed to plead with sufficient particularity to permit a responsive pleading by claimant as required by Supplemental Rule E(2)(a) and the Complaint must be dismissed.**

The standard for properly pleading an in rem complaint is clear. The government must specify sufficient particularity in the complaint so as to permit a responsive pleading without requiring the claimant to resort to first filing a motion for more definite statement. Supplemental Admiralty and Maritime Claims Rule E(2)(a). Moreover, reaffirming the need for particularity in an in rem complaint is Supplemental Rule G(2)(f) which requires the government to plead "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof." Since the 2000 enactment of the Civil Asset Forfeiture Reform Act (CAFRA), the government's burden of proof in a forfeiture action has been preponderance of the evidence, heightened from the prior probable cause standard. This legislative modification came in response to widespread perceptions as to the unfairness of taking an individual's property with only a probable cause threshold. See, eg., United States v. Real Property in Otsego County, 241 F.3d 796 (6th Cir. 2001). Because forfeiture of one's private property to the government is "traditionally disfavored," the higher standard for pleading as set forth in the Supplemental Rule controls over the notice pleading otherwise permitted under the Civil Rules.

United States v. $8,221,877 in U.S. Currency, 330 F.3d 141 (3rd Cir. 2003) is a sterling example of the analysis which should be utilized in determining the sufficiency of the pleadings in the instant matter. In $*8,221,877,* the Third Circuit reversed the District Court's dismissal of the claimant's motion to dismiss. The trial court determined that the claimant must first file an answer and responses to interrogatories before any motion practice was permissible. In reversing,

the appellate panel found controlling the protections afforded under the Supplemental Rule standard of pleading in a forfeiture action. Specifically, in analyzing the particularity requirement for pleading an in rem complaint, the Third Circuit noted the particularity requirement arises out of the drastic nature of forfeiture actions, which allow for the seizure of property while the claim on the merits is litigated. Rule (E)(2) is thus an important safeguard against the government's seizing and holding property on the basis of mere conclusory allegations that the property is forfeitable. (Citations omitted.) * * * The very purpose of Rule (E)(2) is to protect claimants from having their property held and from being exposed to invasive discovery on the basis of vague, conclusory complaints. Id.

Objective scrutiny of the instant complaint will reveal that there has been pled absolutely no particular allegations that the property that is owned by Ms. Eldridge, jewelry and US currency, stem from her violations of  21 USC §841(a) , 18 U.S.C.§ 1343 and § 1349 and 18 U.S.C. §1956 and §1957. As a matter of fact, the only point in the pleading which even references an alleged violation of law in support of the forfeiture action are the conclusions that the seized funds "constitute proceeds from and/or were used or intended to be used to facilitate *drug trafficking* activities…proceeds or property derived from proceeds traceable to *wire fraud*… and they were involved in money laundering…" ¶5. These conclusions in no way afford her the specificity in pleading which is required under the Supplemental Rules. The Due Process Clause as guaranteed by the United States Constitution mandates that the government provide sufficient details about the alleged criminal activities that Ms. Eldridge engaged in. Without such detail she is forced to engage in guesswork in order to answer the complaint and assert the proper affirmative defenses. A close examination of the government's complaint must lead to a conclusion that a dismissal is warranted pursuant to Fed. Civ. R. 12 (B)(6).

## THE BARE-BONES COMPLAINT

1. **The allegations of drug trafficking:**
a. **Execution of search warrant on August 29, 2014- Willoughby Ohio (¶¶ 9-17)**

The government contends that the seizure and forfeiture of her property is due to a violation of 21 USC §841 but the complaint does not provide any details about how she violated federal drug trafficking laws. 21 USC §841 states:

> "Except as authorized by this subchapter, it shall be unlawful for any person *knowingly or intentionally*—
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; "

According to the Complaint law enforcement agents learned that "Greg Harris deals in multiple pound sales of marijuana" ¶ 9. Consequently, this was enough information to convince a judge or magistrate to issue a search warrant for a house that Harris resided in Willoughby, Ohio. Claimant Dominic Schender was the owner of the house but lived in Las Vegas, Nevada. ¶ 90. He rented his Willoughby home to Greg Harris, Iris Baker and Chelsea Baker. ¶ 10.

On August 29, 2014 law enforcement agents executed the warrant and found Harris and Chelsea Baker in the basement. The agents contend that "drug ledgers" were found in a basement closet near where Harris and Chelsea Baker were found. Iris Baker, and her mother were also present in the house. Although Schender lived in Las Vegas, he was visiting his family in Willoughby, Ohio and was at the house during the execution of the warrant.

There is not a single allegation contained in paragraphs 9-17 which can feasibly support a factual nexus between her property, jewelry and US currency and any specified violation of 21 USC §841. In fact, she is not mentioned anywhere in this portion of the complaint or anywhere else in the 22 page complaint.

4

The Sixth Circuit has held that the government must prove a "substantial connection" between seized money and an illegal drug transaction. This is a mandatory nexus requirement. United States v. $67,220.00 in United States Currency, 957 F.2d 280, 284 (6th Cir. 1992); United States v. $5,000 in United States Currency, 40 F.3d 846 (6th Cir. 1994). In each of these cases, individuals were carrying the sums of money which were the subject of forfeiture. After thorough analysis of the facts in the record, including positive indications of drug residue on the seized money, drug courier profiles, and anonymous tips, the Sixth Circuit determined that the government had failed to establish the requisite connection between the money and illegal drug transactions under 21 USC §88. Although in each case probable cause was the standard, the 2000 enactment of CAFRA (which heightened the government's pleading threshold to a preponderance of the evidence), the government's cases most certainly would also fail under the current standard.

There is no proscription against citizens possessing money, just as "[t]here is nothing even remotely criminal in possessing an automobile." One 1958 Plymouth Sedan v. Pennsylvania 380 U.S. 693, 699 (1965).

Thus, the only possible and lawful way for the government to properly assert a right to seize her cash and jewelry is by pleading, with particularity, the fashion in which the money and jewelry are connected to any illegal activity.

**The allegations of Wire Fraud (para 29-78)**

Paragraphs 29-78 pertain to other people and entities and describe wrongdoing by others with sufficient particularity. There are no allegations that Ms. Eldridge engaged in wire fraud.

5

## **CONCLUSION**

It is inconceivable that the government can condone the outrageous actions of law enforcement officers and permit the seizure of Ms. Eldridge's jewelry and cash. Without any allegations against her in the complaint or any explanation of the nexus between these assets and drug trafficking and wire fraud the complaint must be dismissed and her property must be returned forthwith.

Simply pleading that jewelry and her cash were somehow, somewhere, at some point in time involved in an unspecified violation of federal law does nothing to inform her of the issues for framing a response. Rather, it seems to set forth an insurmountable barrier to crafting an answer. To require her to answer the complaint without the benefit of even knowing the bare-bones allegations against her property is contrary to the particularized pleading requirements of the Supplemental Rules. Moreover, it is impossible to envision how a forfeiture based upon such thin allegations could comport with Due Process Guarantees of notice and an opportunity to be heard. Notwithstanding the clear and unambiguous pleading requirements of Supplemental Rule(E)(2)(a), there exists absolutely no allegation against her property which establishes a factual nexus between the her property and any violation 21 USC §841 and 18 USC §1343. Simply citing to an enabling section of statute 21 U.S.C. §881(a)(6) as a basis for forfeiture of private property is far removed from the specificity required under Supplemental Rule E(2)(a) and the many cases decided thereunder.

Ms. Eldridge asserts that, even given the minimal offering by the government in this matter, it is clear that the seizure and forfeiture action has been initiated without probable cause. Ms. Eldridge respectfully contends that the pleading deficiencies under Supplemental Rule

E(2)(a), standing alone, demand the dismissal of the complaint. Claimant prays for an Order to returns her cash and jewelry.

        Respectfully submitted,

        /s/ Craig T. Weintraub
        CRAIG T. WEINTRAUB, ESQ. (#0040095)
        55 Public Square
        Suite 1600
        Cleveland, Ohio 44113
        (216) 896-9090
        (216) 456-2310 facsimile
        cweintraub@hotmail.com
        *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

    A copy of the foregoing was filed electronically and notice will be sent to all parties electronically by operation of the court's electronic filing system.

        /s/Craig T. Weintraub
        CRAIG T. WEINTRAUB