N THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | Civil Case No. 1:15-CV-1036 |
| ) | |
| Plaintiff, ) | |
| ) | Judge Christopher Boyko |
| v. ) | |
| ) | |
| Sixteen Thousand Seven Hundred Sixty- ) | **CLAIMANT BAKER'S ANSWER** |
| Five Dollars in U.S. Currency ) | **TO THE COMPLAINT IN FORFEITURE** |
| ($16,765.00), et. al., ) | **AND AFFIRMATIVE DEFENSES** |
| ) | |
| Defendants. ) | |
| ) | |

Now comes Claimant Iris Karina Baker ("Baker"), by and through undersigned counsel, McCarthy, Lebit, Crystal & Liffman, Co., L.P.A., and states the following Answer to the Government's Complaint in Forfeiture:

1. Baker admits the jurisdictions assertions contained in Paragraph 1.

2. Baker admits the venue assertions contained in Paragraph 2.

3. Baker admits only that her accounts and personal property were seized by law enforcement on or about January 21, 2015. Baker lacks sufficient information upon which to admit or deny the remaining allegations contained in Paragraph 3 and therefore denies same.

4. Baker admits that the DEA commenced administrative forfeiture proceedings against her accounts and personal property that were seized and that she submitted a claim relative to her accounts and personal property. Baker lacks sufficient information upon which to admit or deny the remaining allegations contained in Paragraph 4 and therefore denies same.

5. Baker acknowledges the forfeiture statutes references in Paragraph 5, but denies the allegations of illegal activities as set forth in Paragraph 5.

**FORFEITURE COUNT**

6. Baker denies that she conspired to, or did engage in any illegal activity identified in Paragraph 6. Baker lacks sufficient information upon which to admit or deny the remaining allegations contained in Paragraph 6 and therefore denies same.

7. Baker denies that she conspired to, or did engage in the alleged conduct identified in Paragraph 7. Baker lacks sufficient information upon which to admit or deny the remaining allegations contained in Paragraph 7 and therefore denies same.

8. Baker denies that she conspired to, or did engage in the alleged conduct identified in Paragraph 8. Baker lacks sufficient information upon which to admit or deny the remaining allegations contained in Paragraph 8 and therefore denies same.

9. Baker lacks sufficient information upon which to admit or deny the remaining allegations contained in Paragraph 9 and therefore denies same.

10. Baker admits only that she was present when law enforcement officers searched the premises at the place and date identified in Paragraph 10. Baker lacks sufficient information upon which to admit or deny the remaining allegations contained in Paragraph 10 and therefore denies same.

11. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 11 and therefore denies same.

12. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 12 and therefore denies same.

13. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 13 and therefore denies same.

14. Baker admits that she was interviewed, but denies the allegations contained in Paragraph 14.

15. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 15 and therefore denies same.

16. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 16 and therefore denies same.

17. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 17 and therefore denies same.

18. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 18 and therefore denies same.

19. Baker denies the allegations contained in Paragraph 19.

20. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 20 and therefore denies same.

21. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 21 and therefore denies same.

22. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 22 and therefore denies same.

23. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 23 and therefore denies same.

24. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 24 and therefore denies same.

25. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 25 and therefore denies same.

26. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 26 and therefore denies same.

27. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 27 and therefore denies same.

28. Baker admits only that ETS is located at the 9124 Tyler Blvd., Mentor, Ohio. Baker lacks sufficient information upon which to admit or deny the remaining allegations contained in Paragraph 28 and therefore denies same.

29. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 29 and therefore denies same.

30. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 30 and therefore denies same.

31. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 31 and therefore denies same.

32. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 32 and therefore denies same.

33. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 33 and therefore denies same.

34. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 34 and therefore denies same.

35. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 35 and therefore denies same.

36. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 36 and therefore denies same.

37. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 37 and therefore denies same.

38. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 38 and therefore denies same.

39. Baker admits only that she owned Enhanced Telecommunication Services on the date identified in Paragraph 39. Baker lacks sufficient information upon which to admit or deny the remaining allegations contained in Paragraph 39 and therefore denies same.

40. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 40 and therefore denies same.

41. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 41 and therefore denies same.

42. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 42 and therefore denies same.

43. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 43 and therefore denies same.

44. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 44 and therefore denies same.

45. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 45 and therefore denies same.

46. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 46 and therefore denies same.

47. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 47 and therefore denies same.

48. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 48 and therefore denies same.

49. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 49 and therefore denies same.

50. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 50 and therefore denies same.

51. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 51 and therefore denies same.

52. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 52 and therefore denies same.

53. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 53 and therefore denies same.

54. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 54 and therefore denies same.

55. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 55 and therefore denies same.

56. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 56 and therefore denies same.

57. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 57 and therefore denies same.

58. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 58 and therefore denies same.

59. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 59 and therefore denies same.

60. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 60 and therefore denies same.

61. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 61 and therefore denies same.

62. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 62 and therefore denies same.

63. Baker admits that she is the owner of ETS and that the business address for ETS is 9124 Tyler Blvd., Mentor, Ohio.

64. Baker admits only that she spoke with law enforcement officials on January 21, 2015. Baker lacks sufficient information upon which to admit or deny the remaining allegations contained in Paragraph 64 and therefore denies same.

65. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 65 and therefore denies same.

66. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 66 and therefore denies same.

67. Baker admits only that ETS's original mailing address was in Kentucky and that ETS has a physical location in Mentor, Ohio.

68. Baker admits that Selvaggio runs the operational aspects of the business and admits the remaining allegations contained in Paragraph 68.

69. Baker admits only that Selvaggio introduced her to a particular accountant and that she received direction from Selvaggio and the accountant. Baker lacks sufficient

information upon which to admit or deny the remaining allegations contained in Paragraph 69 and therefore denies same.

70. Baker admits only that she obtained a $250,000 loan from Huntington Bank in the name of ETS and that she distributed a portion of the funds to DTS. Baker denies the remaining allegations contained in Paragraph 70.

71. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 71 and therefore denies same.

72. Baker denies that the employees of ETS were hired for the sole purpose of fielding phone complaints from customers that had not authorized additional charges to their phone bill. Baker lacks sufficient information upon which to admit or deny the remaining allegations contained in Paragraph 72 and therefore denies same.

73. Baker denies that she would sign off on the issuance of a refund and the cancellation of the service for all complaints, but admits the remaining allegations contained in Paragraph 73.

74. Baker admits only that Chelsea received payments from ETS but lacks sufficient information upon which to admit or deny the remaining allegations contained in Paragraph 74 and therefore denies same.

75. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 75 and therefore denies same.

76. Baker admits the allegations contained in Paragraph 76.

77. Baker admits only that she removed certain pieces of office furniture following the execution of the search warrant and denies any remaining allegations contained in Paragraph

78. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 78 and therefore denies same.

79. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 79 and therefore denies same.

80. Baker denies that she was "involved" in a grow operation located in Peublo, Colorado.

81. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 81 and therefore denies same.

82. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 82 and therefore denies same.

83. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 83 and therefore denies same.

84. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 84 and therefore denies same.

85. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 85 and therefore denies same.

86. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 86 and therefore denies same.

87. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 87 and therefore denies same.

88. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 88 and therefore denies same.

89. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 89 and therefore denies same.

90. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 90 and therefore denies same.

91. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 91 and therefore denies same.

92. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 92 and therefore denies same.

93. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 93 and therefore denies same.

94. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 94 and therefore denies same.

95. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 95 and therefore denies same.

96. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 96 and therefore denies same.

97. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 97 and therefore denies same.

98. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 98 and therefore denies same.

99. Baker admits only that Schender owns a home on Old Willoughby Drive but lacks sufficient information upon which to admit or deny the remaining allegations contained in Paragraph 99 and therefore denies same.

100. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 100 and therefore denies same.

101. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 101 and therefore denies same.

102. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 102 and therefore denies same.

103. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 103 and therefore denies same.

104. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 104 and therefore denies same.

105. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 105 and therefore denies same.

106. Baker lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 106 and therefore denies same.

107. Baker denies that the defendants owned by her constitute proceeds of any conspiracies or were purchased in whole or in part with proceeds of any conspiracy. As to the remaining defendants, Baker lacks sufficient information upon which to admit or deny the allegations and therefore denies same.

108. Baker denies that the defendants owned by her are subject to forfeiture. As to the remaining defendants, Baker lacks sufficient information upon which to admit or deny the allegations and therefore denies same.

WHEREFORE, Claimant, Iris Karina Baker, requests that this case be dismissed and all assets claimed by Iris Karina Baker be returned to her, and that the United States pay all interest and expenses of this litigation, including attorneys' fees.

## CLAIMAINT'S FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claim that Claimant engaged in drug trafficking, wire fraud and money laundering in violation of federal statutes, and that the seized property claimed by Baker is subject to this civil forfeiture pursuant to 21 U.S.C. § 881, is a claim upon which relief cannot be granted in this case because the Baker did not engage in the alleged criminal activity and the accounts and/or personal property are not, and were not purchased with, proceeds from the alleged criminal activity.

2. The Government is estopped from obtaining a forfeiture judgment because it obtained the Baker's accounts and/or personal property by way of unlawful search and seizure

Respectfully submitted,

/s/ Ian N. Friedman
Ian N. Friedman (0068630)
McCarthy, Lebit, Crystal & Liffman Co., L.P.A.
101 West Prospect Avenue
Suite 1800
Cleveland, OH 44115
Counsel for Claimant Iris Karina Baker

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on the 20th day of August 2015, I caused to be electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties indicated on the electronic filing receipt.

/s/ Ian N. Friedman
Ian N. Friedman
Counsel for Claimant Iris Karina Baker