UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.1:15CV1036 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| $16,765,00 IN U.S. CURRENCY, ET AL ) | **ORDER** |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J:**

This Order addresses a number of outstanding Motions presently pending before the Court.  By way of background, on May 22, 2015, the United States of America filed its Complaint with the Court seeking an Order of Forfeiture on certain Defendant accounts and personal property, including automobiles, jewelry, precious metals and real property seized by law enforcement in 2014 and 2015.    According to the Government, these accounts and real property were either proceeds from, or were used or were intended to be used, to facilitate illegal drug trafficking, wire fraud and/or money laundering.

The Government contends the co-conspirators in these illegal activities: Dominic Schender, Gabriel Saluan, Brandon Salvaggio, Iris Karina Baker, Gregory Harris, John McCoy and Chelsea Baker, own or operate a number of businesses through which they

funneled the proceeds of their illegal activities.

On June 12, 2015, Gabriel Saluan filed a verified claim followed shortly thereafter by the verified claims of Schender, Discounted Telecommunication Services, Inc., DAS Funding Group, Inc., DAS Motor, LLC, Roberta Eldridge, Salvaggio and Iris Baker. On July 10, 2015, the Government filed a Motion to Strike all Claims for failing to state with sufficient particularity the claimants ownership interest in the monies or property on which the Government seeks to foreclose. In response to the Government's Motion to Strike, Saluan, Schender, Discounted Telecommunication Services, Inc. DAS Funding Group, Inc. DAS Motor, LLC, Roberta Eldridge, Salvaggio and Iris Baker all filed Amended Verified Claims which the Government did not oppose. Therefore, in the absence of any opposition, the Court grants Iris Baker's and Gabriel Saluan's Motions for Leave to File Amended Claims *instanter* (ECF #'s 21 and 22).

In light of the filing of the amended claims, the Court denies the Government's Motion to Strike as moot.

**Motions to Dismiss**

Claimants Schender, DTS, DAS Funding, DAS Motor and Eldridge filed Motions to Dismiss based on their original claims or before they established standing by filing a claim. The Government contends these Motions to Dismiss must be dismissed as premature because they were filed before the parties had established standing. Rule G(8)(b) of the Supplemental Rules For Admiralty or Maritime Claims and Asset Forfeiture Actions reads in pertinent part:

(b) Motion To Dismiss the Action.

(i) A claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b).

According to the Government, its Motion to Strike is based on the claimants failure to assert a claim with the requisite specificity as required under Rule G. "In order to contest a governmental forfeiture action, claimants must have statutory standing through compliance with Supp. Admiralty and Maritime Claims R. C(6), as well as the Article III standing required for any action brought in federal court." *United States v. $515,060.42,* 152 F.3d 491, 497 (6th Cir.1998) (citing *United States v. $267,961.07,* 916 F.2d 1104, 1107 (6th Cir.1990)). "Statutory standing is established through strict compliance with Supplemental Rules G(5) and G(6)." *U.S. v. Vehicle 2007 Mack 600 Dump Truck, VIN* 680 F.Supp.2d 816, 822 (E.D.Mich, 2010), citing *United States v. One 2001 Cadillac Deville Sedan,* 335 F.Supp.2d 769, 772 (E.D.Mich.2004). To assert Article III standing, a claimant must demonstrate "a legally cognizable interest in the defendant property." *Id.* (quoting *United States v. $267,961.07,* 916 F.2d at 1108). "Failure to satisfy both the Article III and statutory standing requirements precludes a claimant from contesting a government forfeiture action." *Vehicle 2007 Mack*, 680 F. Supp.2d at 822.

Rule G(5)(a) requires the filing of a claim prior to the filing of a responsive pleading.

Rule G(8)c) requires the Court to Rule on the Motion to Strike prior to any determination on the merits of Motions to Dismiss.

(c) Motion To Strike a Claim or Answer.

> (i) At any time before trial, the government may move to strike a claim or answer:
> (A) for failing to comply with Rule G(5) or (6), or
> (B) because the claimant lacks standing.
>
> (ii) The motion:
> (A) must be decided before any motion by the claimant to dismiss the action;

Because claimants filed Amended Claims in response to the Governments Motion to Strike, their original claims are superceded. Therefore, they did not establish standing to assert claims at the time they filed their Motions to Dismiss. Furthermore, the Schender Motions to Dismiss and Eldridge Motion to Dismiss were filed before they filed Verified Claims, which Rule G prohibits. Therefore, the Court denies these Motions as premature, subject to refiling.

**Motion to Stay**

On July 28, 2015, the Government moved to stay the proceedings until the conclusion of the related criminal proceedings because it may compromise the Government's ongoing investigation and risks prejudicing the claimants' Fifth Amendment rights. Also, the Government argues a stay supports judicial economy because the related criminal action will resolve most, if not all of the issues in controversy.

Claimants Schender and Eldridge oppose the Stay, contending the seizure of their assets has left them indigent. Furthermore, Eldridge argues she is not a subject of the related criminal investigation. The claimants also contend the Government has held the disputed assets and/or property over a year. Any indefinite stay would work an undue hardship upon claimants.

A district court upon a motion by the Government may stay a civil forfeiture proceeding under 18 U.S.C. § 981(g) which reads in pertinent part:

> (g)(1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
>
> (4) In this subsection, the terms "related criminal case" and "related criminal

> investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.
>
> (5) In requesting a stay under paragraph (1), the Government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial.

The Government argues that it need only provide a generalized affidavit averring, without detail, that the civil discovery will have an adverse impact on the ongoing criminal investigation. Relying on this interpretation of the law, the Government offers the affidavit of Robert Bulford, Assistant United States Attorney who attests:

> 3. The illegal activities alleged in the Complaint are the subject of a related federal criminal investigation against several of the claimants in the civil in rem action in forfeiture.
>
> 4. A stay of the civil forfeiture action is necessary to protect the government's criminal investigation from the expansive scope of civil discovery.
>
> 5. In the civil forfeiture action, civil discovery could compromise confidential law enforcement information, as well as provide improper opportunities for the claimants to prematurely ascertain the details of the government's related criminal case.

The Government relies on two cases outside this district for the proposition that a generalized affidavit is sufficient to support a Motion to Stay. In *United States v. Various Vehicles, Etc.*, 2012 WL 4050829 (D.S.C. 2012) the Government filed a civil forfeiture action in 2011 and obtained a criminal indictment in 2012. After the criminal indictment the Government filed a Motion to Stay the civil forfeiture action. No opposition was filed to the Motion to Stay. Furthermore, the claimants in the action acknowledged in their Answers to

the civil forfeiture action that they were the subjects of the criminal investigation and intended to invoke their Fifth Amendment rights. In *United States v. One 2008 Audi R8 Coupe Quattro*, 866 F.Supp.2d 1180, 1183 (C.D.Cal. 2011), the Government filed its Motion to Stay after a sentencing was scheduled in a related criminal proceeding. The court held that " As a preliminary matter, however, Section 981(g)(1) does not require a particularized showing of prejudice or specific harm; rather, all that the Court must determine is whether the civil discovery will interfere with the criminal investigation."

However, other district courts, including one within this district, have required more of the Government before granting a Motion to Stay. "When requesting a stay under section 981(g)(1), 'the government must make an actual showing regarding the anticipated adverse affect that civil discovery will have on the criminal investigation.'" *U.S. v. Four Hundred Sixty Three Thousand Four Hundred Ninety Seven Dollars and Seventy Two Cents ($463,497.72) in U.S. Currency* 604 F.Supp.2d 978, 982 (E.D.Mich.,2009), quoting *United States v. GAF Financial Servs., Inc.,* 335 F.Supp.2d 1371, 1373 (S.D. Fla.2004).

In light of the early stages of the proceedings in this case, the lack of an indictment, the fact that the property and assets seized occurred more than one year ago, and the fact that Eldridge does not appear to be a target of the investigation, the Court requires the Government to provide more than a conclusory affidavit to support its Motion to Stay. This requirement is in line with the plain language of § 981 which requires that the court make a "determination." The Court is unable to make any determination based on the scant evidence before it. The Court is also required to make a determination on " whether a criminal case or investigation is "related" to a civil forfeiture proceeding." To do so, "the court shall consider

the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." The Court has nothing before it other than an affidavit of AUSA Bulford attesting "The illegal activities alleged in the Complaint are the subject of a related federal criminal investigation against several of the claimants in the civil in rem action in forfeiture." Such a barebones affidavit fails to provide the Court with sufficient evidence to make its required determination on the relatedness of the criminal investigation to the civil forfeiture action.

Therefore, the Court orders Plaintiff to provide additional evidence in support of its Motion to Stay to the Court within fourteen days or the Motion will be denied. The Government may present the evidence ex parte as described in § 981(g)(5) in order to protect the integrity of its investigation.

Therefore, for the foregoing reasons the Court grants claimants Motions to Amend Instanter (ECF #'s 21 & 22); denies claimants Schender, DTS, DAS Funding, DAS Motor and Eldridge's Motions to Dismiss (ECF # 10, 11 and 12) at this time subject to refiling; denies as moot the Government's Motion to Strike (ECF # 17) and orders the Government to provide additional evidence in support of its Motion to Stay within fourteen days of the date of this Order. Because the status of the remaining Motions to Dismiss will be directly affected by the Court's decision on the pending Motion to Stay, the Court will hold in abeyance any responsive briefs and times to respond to discovery requests until the Court rules on the pending Motion to Stay.

IT IS SO ORDERED.

                                                  s/ Christopher A. Boyko
                                                  CHRISTOPHER A. BOYKO
                                                  United States District Judge

Dated: October 13, 2015