UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OFOHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:15CV1036 |
| | ) | |
| Plaintiff(s), | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| $16,765.00 IN U.S. CURRENCY, et al., | ) | REPORT OF PARTIES' PLANNING |
| | ) | MEETING UNDER FED. R. CIV. P. |
| Defendant(s). | ) | P. 26(f) AND L.R. 16.3(b) |

1. Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a meeting was held on September 21, 2018, and was attended by:

Phillip J. Tripi, Esq., counsel for Plaintiff, United States of America

Ian N. Friedman, Esq., counsel for Claimant Iris Karina Baker (by telephone)

Mitchell J. Yelsky, Esq., counsel for Claimant Brandon K. Selvaggio

Craig T. Weintraub, Esq., counsel for Claimants Dominic A. Schender, Roberta Eldridge, DAS Funding Group, Inc., DAS Motors, LLC, and Discounted Telecommunication Services, Inc. (by telephone)

A separate planning meeting was held on September 17, 2018, due to scheduling conflicts, and was attended by:

Phillip J. Tripi, Esq., counsel for Plaintiff, United States of America

Dominic J. Vitantonio, Esq., counsel for Claimant Gabriel J. Saluan

George J. Argie, Esq., counsel for Claimant Gabriel J. Saluan

2. The parties:

\_\_\_\_ have exchanged the pre-discovery disclosures required by Rule 26(a)(1) and the Court's prior order;

\_\_\_\_ will exchange such disclosures by_____ , 20\_\_\_ ;

\_X\_\_ have not been required to make initial disclosures.

3. The parties recommend the following track:

\_\_ Expedited \_\_ Standard;   \_X\_ Complex    \_\_ Administrative  \_\_ Mass Tort

4. Pursuant to Local Rule 5.1(c) all documents must be electronically filed absent a showing of good cause.

5. This case **is** suitable for one or more of the following Alternative Dispute Resolution (ADR) mechanisms:

\_\_\_\_\_ Early Neutral Evaluation \_\_\_\_ Mediation \_\_\_\_ Arbitration.

\_\_\_\_\_ Case **is not** suitable for ADR at this time but may be after discovery.

\_\_X\_\_ Case **is not** suitable for ADR at any time.

6. The United States does not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The Claimants would consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

7.   Recommended Discovery Plan:

(a) Describe the subjects, nature and extent of discovery

Special Interrogatories, Interrogatories, Requests for Production of Documents, Requests for Admissions, and Depositions are contemplated. Discovery is extensive and difficult to engage in at this time, in light of the

ongoing criminal investigation; i.e. in excess of 20 computers were seized and analyzed.

(b) Non-Expert discovery cut-off date:   To be determined (hereinafter "TBD")

(c) Plaintiff's expert report due date:  __TBD_____

(d) Defendant's expert report due date: __TBD_____

(e) Expert discovery cut-off date:  __TBD_____

8. Recommended cut-off date for amending the pleadings and/or adding additional parties: __TBD_____

9. Recommended dispositive motion date: __TBD_____
Recommended date for a Settlement Conference:  __TBD__

10. Other matters for the attention of the Court:  The United States expressed a willingness to consider entering into a discovery plan which would permit limited production of Government's evidence, sharing with each claimant his or her own statements made to law enforcement, images of his or her computer hard drives, his or her bank records, and partial disclosure of evidence related to drug trafficking.  However, such production of discovery requires further discussion as to how to treat such disclosures of documents and hard drives that are in a corporate name rather than in an individual claimant's name.   Any plan would require the acquiescence of the Criminal Division as to the scope of discovery being disclosed prior to the claimants responding to discovery requests by the United States.  Additional evidence related to phone cramming and money laundering cannot be fully shared at this time due to the pending criminal investigation.  From the Claimants' perspective, their attorneys have indicated that they cannot engage in reciprocal discovery during the pendency of the criminal investigation.  Claimants intend to exercise their Fifth Amendment privilege in response to any discovery requests by the Plaintiff, United States of

America. The consensus of opinion is that the parties cannot engage in full civil discovery at this time.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By:   /s/ Phillip J. Tripi
    Phillip J. Tripi
    Assistant U.S. Attorney
    801 West Superior Avenue
    Suite 400
    Cleveland, Ohio 44113
    Phone: (216) 622-3769
    Fax: (216) 522-7499
    Phillip.Tripi@usdoj.gov
    Reg. No. 0017767

    Counsel for Plaintiff United States of America

  /s/ Ian N. Friedman (by phone consent)_____
Ian N. Friedman, Esq.
Counsel for Claimant Iris Karina Baker


  /s/ Angelo F. Lonardo (by consent)_____
Angelo F. Lonardo, Esq.
Counsel for Claimant Brandon K. Selvaggio


  /s/ Mitchell J. Yelsky (by consent)_____
Mitchell J. Yelsky, Esq.
Counsel for Claimant Brandon K. Selvaggio

   /s/ Craig T. Weintraub (by phone consent)_____
Craig T. Weintraub, Esq.
Counsel for Claimants Dominic A. Schender,
      Roberta Eldridge,
      DAS Funding Group, Inc.,
      DAS Motors, LLC, and
      Discounted Telecommunication Services, Inc.


   /s/ Dominic J. Vitantonio (by consent)_____
Dominic J. Vitantonio, Esq.
Counsel for Claimant Gabriel J. Saluan


   /s/ George J. Argie (by consent)_____ _____
George J. Argie, Esq.
Counsel for Claimant Gabriel J. Saluan


## CERTIFICATE OF SERVICE

It is hereby certified that on this 21st day of September, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  /s/ Phillip J. Tripi
                                                  Phillip J. Tripi
                                                  Assistant U.S. Attorney