IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 1:15 CV 1036 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | |
| $16,765.00 IN U.S. CURRENCY, ET AL., ) | GOVERNMENT'S RESPONSE TO |
| ) | <u>MOTION TO INTERVENE</u> |
| Defendants. ) | |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Henry F. DeBaggis, Assistant United States Attorney, and respectfully submits the within response to Motion to Intervene of Craig T. Weintraub. (R. 102: Motion).

On June 2, 2019, Harvey B. Bruner entered a Notice of Appearance on behalf of Claimants Dominic Schender, Roberta Eldridge, Discount Telecommunication Services, DAS Funding Group, Inc. and DAS Motor, LLC. (R. 85: Notice). Subsequently, the parties reached a settlement and motions to file the settlement agreements with Dominic Schender and Roberta Eldridge under seal were filed with the Court. (R. 88, 89: Motions).

On August 5, 2019, sealed settlement agreements and decrees of forfeiture as to certain assets relating to the Schender and Eldridge settlements were entered on the docket. The docket entries stated: "SEALED Document Stipulated Settlement Agreement and Decree of Forfeiture as to Certain Assets (Re: Schender) …" and "SEALED Document Stipulated Settlement Agreement and Decree of Forfeiture as to Certain Assets (Re: Eldridge)…" (R. 92, 93: SEALED Settlement Agreements). Thereafter, pursuant to the settlement agreements, the defendant

properties to which these Claimants made their claims in this litigation, were either forfeited to the government or dismissed from this litigation and returned to the Claimants.

The pending Motion to Intervene states:

The Sixth Circuit has held that a proposed intervenor must establish four factors before being entitled to intervene: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest. *Gutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999); *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007). (R. 102; PageID 481).

Since the defendant properties have already either been forfeited to the government or dismissed, the proposed intervenor is unable to satisfy the timely requirement of the first factor. Furthermore, the second factor cannot be satisfied since the defendant properties pending in this litigation through which the proposed intervenor could assert a claim or interest have either been forfeited to the government or dismissed. The Motion to Intervene should be dismissed as moot.

WHEREFORE, the United States respectfully submits the within Government's Response to Motion to Intervene.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By:   /s/ Henry F. DeBaggis
    Henry F. DeBaggis (OH: 0007561)
    Assistant United States Attorney
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3749
    (216) 522-7499 (facsimile)
    Henry.DeBaggis@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Henry F. DeBaggis
Henry F. DeBaggis
Assistant U.S. Attorney