IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 1:15-cv-01036 |
| ) | |
| vs. ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| $16,765.00 IN U.S. CURRENCY, et al, ) | MOTION TO STRIKE AND |
| ) | RESPONSE TO PLAINTIFF |
| Defendants. ) | CRAIG WEINTRAUB'S |
| ) | NOTICE OF FILING EXHIBIT |
| ) | TO MEMORANDUM |

The exhibit filed as Document No. 109 in this matter is simply a personal attack on Harvey Bruner and used to disparage his character by Craig Weintraub. It is unprofessional and irrelevant and has nothing to do with the case at hand. It is an outrageous attempt by Weintraub to drag Harvey Bruner through the mud.

Document No. 109 serves no purpose other than an attempt to induce this Court to believe that because there is an unadjudicated disciplinary complaint pending against Mr. Bruner that he must be a bad lawyer who has engaged in unprofessional conduct here. Mr. Weintraub's pleadings have been replete with allegations that this is a Bar Association complaint. Conduct like this should be sanctioned by this Court.

Mr. Bruner requests this Court hold a sanctions hearing on why Mr. Weintraub's lawyers feel it necessary to bring an unadjudicated disciplinary complaint to this Court's attention.

Mr. Weintraub's signed contingency fee contract with Dominic Schender, which was previously attached to Weintraub's Motion to Intervene, calls for him to be paid in quatum meruit in the event he is discharged in the previous matter. (See attached highlighted area of that contract, which demonstrates this fact.)

Therefore, Weintraub has no claim for any additional fees and there is no reason he should be allowed to intervene in this matter. Since has has been paid approximately $90,000.00 for the hourly work he has performed in this matter, which he cannot justify, Weintraub has no other claim for attorneys fees.

WHEREFORE, it is respectfully requested that Document No. 109 be stricken from the record, that Mr. Weintraub and his lawyers be ordered to appear for a sanctions hearing and that this matter be dismissed in its entirety.

Respectfully submitted,

/s/ Robert V. Housel
ROBERT V. HOUSEL, 0015328
ROBERT V. HOUSEL CO., LPA
23240 Chagrin Blvd., Suite 101
Commerce Park IV
Cleveland, Ohio 44122
(216) 363-6038- phone
(216) 595-1633- fax
bobhousel@yahoo.com
Attorney for Dominic Schender
and Harvey Bruner

Respectfully submitted,

/s/ Harvey B. Bruner
HAREY B. BRUNER, 0004829
HARVEY B. BRUNER CO., LPA
Hoyt Block Building
700 W. St. Clair Ave., Suite 110
Cleveland, Ohio 44113
(216) 566-9477- phone
(216) 566-9966- fax
harvey@harveybruner.com
Attorney for Dominic Schender
and Roberta Eldridge

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2019 a copy of the foregoing Motion was electronically served on the following:

Henry F. DeBaggis, II
Assistant U.S. Attorney
801 Superior Avenue, W., Suite 400
Cleveland, Ohio 44113
henry.debaggis@usdoj.gov

Michael B. Pasternak
Park Center II, Suite 411
3681 South Green Rd.
Beachwood, Ohio 44122
Mpasternak1@msn.com

Jeffrey Saks
The Saks Law Office, LLC
30799 Pinetree Rd., Suite 269
Pepper Pike, Ohio 44124
jsaks@sakslawoffice.com

/s/ Harvey B. Bruner
HARVEY B. BRUNER 0004829
HARVEY B. BRUNER CO.,LPA

# CONTINGENCY CONTRACT

I/We ("Client") hereby retain and employ Craig T. Weintraub as my attorney, and any of his agents or representatives as he may use to represent me and/or family member(s) in a claim regarding US C 16 7(5) ser 17 that occurred on or about _____.

I agree that associate counsel may be employed at the discretion of my attorney and that any attorney so employed may be designated to appear on my behalf at any proceedings. I grant my attorney to do any and all things necessary in such representation and in the proceeding of the claim to attempt to achieve a successful result.

I agree and understand that the in consideration of the services of my attorney, that my attorney shall receive a sum equal to 15% of the amount that is recovered in settlement, and 25% of the amount that is recovered if there is a verdict. If I discharge my attorney prior to a settlement or any recovery, I agree to pay the attorney the reasonable value of the service as enumerated in the Ohio Code of Professional Responsibility. This agreement shall constitute a binding assignment by me to my attorney of a sum equal to the reasonable value of services from the amount that is eventually recovered by settlement or suit. My attorney shall have a lien on this claim, suit or recovery for all fees and expenses. Further, I acknowledge that the case may be referred to another attorney and the attorney fees shall be determined between Craig T. Weintraub and the attorney that accepts the referral in accordance with the Ohio Code of Professional Responsibility Any notice of referral shall be made orally and in writing to the undersigned.

Should I fail to follow my attorney's instructions, misrepresent facts, fail to disclose facts, reach an impasse with the attorney or disagree with his recommendations, my attorney is authorized to withdraw as my counsel. I agree in the event my attorney advanced expenses to pursue the claim on my behalf, or if my attorney withdraws or is terminated, I am responsible for any such balance. Such expenses may include but are not limited to, copy costs for medical records and medical bills, accident or police reports, medical review of the claim, a medical report, doctor's fees, deposition costs, transcript charges, filing fees, expert opinion fees, subpoena costs, investigative services, long distance calls, delivery and FedEx charges. It is further understood that if my attorney recommends a negotiated settlement and I do not agree to the settlement, my attorney may require me to pay all outstanding and future costs and expenses associated with the case. In the event I refuse to accept the settlement offer, reimburse my attorney for outstanding expenses, refuse to advance expenses for future costs, I understand that my attorney is permitted to withdraw from the case.

1



EXHIBIT 2

In the event my attorney decides to not pursue the claim, I understand that my attorney may withdraw from representation and I must reimburse the attorney for any outstanding expenses.

No promises or guarantees as to the result of the outcome of the matter have been made. This contract may only be modified in writing.

OTHER PROVISIONS:

9-11-18

DATE

*[signature]*

CLIENT

*[signature]*

CRAIG T. WEINTRAUB, ESQ

2