# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:15CV1036 |
|---|---|---|
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| $16,765,00 IN U.S. CURRENCY, ET AL | ) | ORDER |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motion to Intervene by attorney Craig T. Weintraub ("Weintraub")(ECF # 102) and Motion for Temporary Restraining Order and Preliminary Injunction. (ECF # 103). For the following reasons, the Court denies Weintraub's Motions.

Pursuant to Fed. R. Civ. P. 24(a), Attorney Craig T. Weintraub ("Weintraub") moves to intervene in the above action to enforce his rights to attorney fees and to enforce an attorney charging lien to avoid unjust enrichment. According to Weintraub, he represented claimants Dominic Schender and Roberta Eldridge in this forfeiture action from 2014 until the summer of 2019, pursuant to a fee agreement. Weintraub performed a significant amount of work in representing Schender and Eldridge who ultimately had their seized assets returned. As negotiations neared completion, Attorney Havey Bruner entered an appearance in the case for claimants replacing Weintraub. Weintraub alleges Bruner now seeks to retain the entirety of the

attorney fees despite Bruner only recently appearing in the case. Weintraub seeks to intervene in the action to protect his right to the disputed fees.

## LAW AND ANALYSIS

Weintraub moves to intervene under Fed R. Civ. P. 24(a) which reads:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

" Regarding intervention of right, we have interpreted Rule 24(a) as establishing four elements, each of which must be satisfied before intervention as of right will be granted: '(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court.'" *Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000) quoting *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997); "Failure to meet [any] one of the [four] criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.1989).

Bruner opposes both the Motion to Intervene and the Motion for Temporary Restraining Order contending that Weintraub's Motions are untimely because the Court approved the settlements between Schender, Eldridge and the Government more than a month prior to Weintraub's Motions. Bruner distributed the assets to Schender and Eldridge four days before Weintraub's Motions, rendering the Motion for Temporary Restraining Order, which asks the

Court to enjoin Bruner from dispensing, transferring or otherwise accessing the funds seized by the Government, moot.  Bruner further argues that Weintraub knew of the settlement on July 31, 2019, but waited nearly six weeks to file his Motions.  According to Bruner, Weintraub was aware he had been terminated by Schender and Eldridge in May of 2019 but again waited until September 13, 2019, to file for intervention.  Weintraub is not without remedy, according to Bruner,  as Ohio affords attorneys who are owed fees pursuant to a contingency fee agreement an action in quantum meruit.  Because there is no action pending on behalf of Weintraub's former clients, Bruner contends Weintraub's Motion to Intervene is moot and must be denied.

The Government likewise opposes the Motion to Intervene, contending that the settlement agreements with Schender and Eldridge resulted in either forfeiture or dismissal from the litigation of the all the contested assets.  Therefore, Weintraub's Motion to Intervene does not satisfy the timeliness element.  The Government further asserts that Weintraub cannot satisfy the substantial legal interest in the subject matter element as the disputed assets have been forfeited or the claims dismissed.

Weintraub responds that Bruner had a legal obligation to place the disputed assets in trust until the dispute was resolved but failed to do so.  Thus, Weintraub argues his Motion to Intervene should be granted.

Having reviewed the Motions, Oppositions, Responses and supporting materials, the Court denies Weintraub's Motions.   Both the Government and Bruner contend Weintraub's Motion to Intervene is untimely.  "The determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." *Jansen v. City of Cincinnati,* 904 F.2d 336, 340 (6th Cir. 1990).  The Sixth Circuit has set forth five factors in determining

whether a motion to intervene was timely filed: "(1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention." *Michigan Dep't of Envtl. Quality v. Ford Motor Co.*, 330 F.R.D. 475, 478 (E.D. Mich. 2019) citing *Jansen* at 340. An analysis of these factors militates against intervention.

Weintraub does not dispute Bruner's assertion that Weintraub knew he had been replaced in May 2019 and knew of the settlement in July 2019 but failed to move until mid-September of 2019. The Government's action for forfeiture of Weintraub's former clients' assets was dismissed on August 7, 2019. Both Weintraub's Motion to Intervene and Motion for Temporary Restraining Order are premised on preventing the return of the disputed assets until Weintraub's fees are recovered. See Weintraub Motion to Intervene pg 8. (" If Weintraub is not permitted to intervene, there is a strong likelihood that the assets will be returned, a fee will be given to Bruner, and Weintraub will have no means to collect any fee and enforce his rights.") See also Motion for Temporary Restraining Order page 1. ("This Court should grant the motion of attorney Craig T. Weintraub and enter a temporary restraining order enjoining Harvey Bruner from dispensing, transferring, or otherwise accessing any of the funds that previously had been seized by the United States from Defendants in this action..."). However, the return of the assets occurred prior to Weintraub's filing of the Motion to Intervene and Motion for Temporary Restraining Order and those claims were dismissed. Thus, the very purpose for which the

Motions were filed has already occurred.  Consequently, these facts demonstrate that Weintraub knew he had been replaced in May and knew of the settlement in July/August but waited five weeks before filing.  He did not oppose Bruner's appearance in May and did not challenge the entry of settlement in July of August.  The assets to which his former clients had an interest have been dismissed from the action and dispersed.  Thus, the very purpose for the intervention as described by Weintraub in his Motions is moot.

Therefore, the progress of the suit, the purpose of the intervention, and the length of time he waited to file his motions all militate against intervention.  Furthermore, because the claims against Schender and Eldridge's assets have been resolved, intervention at this stage would work a manifest prejudice against these claimants because the dismissed claims would need to be reopened.  While the Sixth Circuit has allowed intervention after final judgment it appears to have been only for the limited purpose of allowing the intervener to participate in future remedial proceedings.  See *United States v. City of Detroit* 712 F.3d 925 (6th Cir. 2013).

Therefore, for the foregoing reasons, the Court denies Weintraub's Motion to Intervene (ECF #103).  Furthermore, because the assets he seeks to enjoin from distribution were disbursed prior to the filing of his Motion for Temporary Restraining Order (ECF # 103), that Motion is denied as moot.  This Opinion and Order is not intended to foreclose Weintraub from recovering any unpaid fees owed him.

IT IS SO ORDERED.


DATED: October 18, 2019        /s/Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            United States District Judge